## George Babb *versus* Otis Kennedy & al.

When by the conditions of the bond, certain acts are to be performed simultaneously, the obligee cannot maintain an action thereon, without performing, or offering to perform the stipulations therein contained, on his part to be performed.

But if the obligors in a bond, agree to be bound, unless the principal defendant by the time appointed should make and secure the payments mentioned in the bond, " and demand a deed of the premises," — such stipulation is a waiver of the tender, which otherwise the obligee would be bound to make.

Exceptions from the District Court.

This was an action of debt on a bond, dated Nov. 8, 1838, signed by the defendants — the condition of which was, " that whereas the said Otis Kennedy, has this day bargained and agreed with the said Babb, as follows, viz. in consideration that said Babb on or about the 10th day of May next, shall convey to said Kennedy, by deed, the lot of land on which said Babb lives, &c. and in as good order and condition as it now is, the privilege of cutting firewood excepted — that he, the said Otis, would make payment for the land, as follows, viz. two hundred dollars on the delivery of the deed, one hundred dollars with interest in one year from said delivery, and one hundred dollars in two years with interest, and seventy dollars in three years, and secure the last three payments, by a mortgage of said premises to said Babb, his heirs, administrators, or assigns. Now if the said Otis Kennedy, his heirs and assigns, shall on or about the 10th day of May next,

make and secure the payments as aforesaid, and demand *a deed of said Babb, of the premises, as aforesaid,* then this bond shall be void, and of no effect, otherwise in full force."

It is agreed that on the 29th of June, 1835, Samuel Jackson conveyed the land in question to James S. Waters, in whom the fee remained until after May 10th, 1839. It appeared from the testimony of said Waters, that he would have deeded, in pursuance of an arrangement between Babb and himself, the premises to said Kennedy, had said Kennedy complied with the conditions on his part.

It further appeared that said Babb removed from the premises prior to 10th May, 1839 — that the plaintiff had made no tender of the deed to Kennedy, and that said Kennedy had made no tender of the purchase money and securities to the plaintiff.

Upon this evidence, REDINGTON J. who presided at the trial, directed a nonsuit, to which direction exceptions were filed.

*Abbott & Reed,* for the plaintiff.

*E. Smith,* for the defendant.

The opinion of the Court was delivered by

WESTON C. J. — By the condition of the bond in suit, and the agreement recited therein, the plaintiff was to convey the land there described, by the time limited, and upon the delivery of the deed, the principal defendant was to pay two hundred dollars, and give security for the residue of the purchase money, as is stipulated in the condition. These were acts to be performed simultaneously, and if the condition had stopped there, it is very clear, upon the authorities, that the plaintiff could maintain no action upon the bond, without performing, or offering to perform, the stipulation on his part. *Brown v. Gammon,* 14 Maine R. 276 ; *Howe v. Huntington,* 15 Maine R. 350.

But if the parties were not satisfied to leave the matter, subject to the legal deductions, usually drawn from an instrument of this character, they were at liberty, in any lawful manner, to modify their contract at pleasure. Now the de-

fendants expressly agree to be bound, unless the principal defendant, by the time appointed, should make and secure the payments, "and demand a deed of said Babb of the premises." No other sensible construction can be given to a clause so unusual, but that the first movement was to be made by the principal defendant, and that the plaintiff might await his demand. It was in effect a stipulation, that the defendants should be liable upon the bond, without the tender of a deed from the plaintiff, unless demanded. Where a tender would be otherwise necessary, it may be expressly waived by the party, to whom it is to be made.

In our opinion, a nonsuit was improperly directed.

*Exceptions sustained.*